### GEORGE ROBERTSON *v.* THE STATE.

THEFT OF CATTLE—INDICTMENT.—In charging theft of cattle, a designation of the species is sufficient—as cow, steer, ox, and the like—without

use of the generic term, "cattle." Hence it was not error to overrule a motion to quash an indictment for theft of a "beef steer," made on the ground that the indictment failed to allege that the animal was of the "species of cattle."

APPEAL from the District Court of Bastrop.    Tried below before the Hon. L. W. MOORE.

The opinion of the court sufficiently states the case.

*Jones & Sayres* and *J. P. Fowler*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

WINKLER, J.    The appellant was indicted, tried, and convicted in the district court of Bastrop county on a charge of unlawfully and fraudulently taking from the possession of G. H. Jenkins, without his knowledge or consent, and with intent to convert to his own use, " a certain yellow and white pieded beef steer."

A motion was made to quash the indictment, " because the indictment attempts to charge the defendant with the commission of a felony, and fails to do so in that the property alleged to be stolen is not alleged to be of the species of cattle."   The motion to quash was overruled by the court, and the defendant excepted.

The ruling of the court on the motion to quash is made a ground in a motion for new trial, which was also overruled.    The defendant was then tried on a plea of not guilty, found guilty by a jury, and his punishment assessed at confinement in the state penitentiary for a period of four years, and judgment entered accordingly.

An appeal is taken on the following assignment of errors :

1st. The court erred in its charge to the jury.

2d. The court erred in refusing the charges asked by the defendant ; and,

3d. The court erred in overruling the motion for new trial.

Considering the several alleged errors in the order of pre-
sentation, as to the 1st we need do no more than say we
have examined the charges as given by the court, and, when
taken in connection with those given at the request of the
defendant, we are of opinion that the law of the case, as
made by the evidence, was correctly given to the jury, and
as favorably for the accused as the testimony warranted.

The 2d error assigned, refusing to give certain charges
asked by the defendant, is not maintainable.  Those por-
tions of the several charges refused which were at all
applicable to the case are embraced substantially in the
charges given.  The remaining portions were inapplicable,
and could only have tended to confuse the minds of the jury.

As to the remaining error assigned—to wit, the overruling
of the defendant's motion for new trial—we are of opinion
this ruling of the court below was proper.  The question of
the guilt or innocence of the accused was fairly submitted
to the jury.  The evidence on the part of the prosecution
was sufficient to fix on the defendant the wrongful taking of
the animal, under circumstances amounting to theft under
the law, and sustains the verdict of guilty found against him
by the jury.  There is nothing in the record to justify us in
concluding that the jury exceeded the bounds of a proper
discretion in fixing the punishment as they have done, it
being within the limits prescribed by the statute.  The
prosecuting witness proved ownership in himself, not in
Burleson.

Nor do we think the court erred in overruling the motion
of defendant to quash the indictment.  The indictment
charges theft of "a beef steer."  The objection urged
against it is that it fails to allege that the animal was of
the "species of cattle."

Repeated decisions of the supreme court show that in
charging theft of cattle it is only necessary to charge the
species—as cow, steer, ox, and the like—without the use of

the generic term, "cattle." This was settled law in Texas before the organization of this court, and, as an investigation of the authorities will abundantly show, correctly settled. See *The State* v. *Lange*, 22 Texas, 591; *The State* v. *Eisenheimer*, decided Austin, 1875; *Parchman* v. *The State*, decided Tyler, 1875; *Hubotter* v. *The State*, 32 Texas, 483.

In *Parchman* v. *The State* reference is made to the following: Bishop on Stat. Crimes, sec. 440, refers to *The State* v. *Pearce*, Peck, 66; *The State* v. *Hambleton*, 20 Mo. 452; *The State* v. *Abbot*, 20 Vt. 537; *Tyler* v. *The State*, 6 Humph. 285; Whart. Am. Cr. Law, 4th ed., sec. 377, and references there made.

The indictment in this case, in using the word "beef steer," is sufficient, without the statutory word "cattle," and the motion to quash was properly overruled.

We have carefully examined all the questions presented in the record and by counsel in argument, and have not found anything which would warrant us in reversing the judgment of the district court of Bastrop county rendered in this case.

*Affirmed.*